FRANKLIN,<br/>*January,*<br/>1832.

## Thomas Joy *vs.* Caleb F. Hull.

An agreement, made at the time of the sale of a farm, that the notes given for the purchase may be satisfied by paying an incumbrance on the farm, is binding on the party, and not revocable at pleasure.

Matter which goes only in mitigation of damages need not be specially pleaded.

Payments on a demand in suit, made pending the action, are of course to be deducted in making up judgement.

*Assumpsit* on two promisory notes dated April 2d, 1827, one of them for $100, payable on or before the 1st day of April, 1828, in neat cattle, or in grain the winter previous, with interest ; the other for $60, payable by the 1st day of April, 1828, with interest. Plea, *non assumpsit*. The action had been commenced before a justice of the peace, in May, 1828, and after sev-

FRANKLIN,<br/>*January,*<br/>1832.<br/><br/>Loomis<br/>*vs.*<br/>Barrett.<br/><br/><br/>FRANKLIN,<br/>*January,*<br/>1832.

FRANKLIN,
January,
1832.

Joy
vs.
Hull.

eral continuances, judgement was rendered for the defendant, and the plaintiff appealed to the county court. On the note first mentioned, there was endorsed, in part payment, the sum of $68,67, and on the other $1,23. It appeared that these notes, with several others, were executed by the defendant to the plaintiff, in consideration of the purchase of a farm of the plaintiff; that the plaintiff had executed a deed of warranty in the usual form, and had taken a mortgage of the defendant to secure the payment of the notes. At the time the deeds and notes were executed, the plaintiff gave the defendant a memorandum in writing, stating that one Arad Merrill held a note against him, the plaintiff, for about one hundred dollars, which was secured by mortgage on the farm; and agreeing by said writing, that if defendant should pay said note to Merrill, the amount thereof should be endorsed on the notes due from him to the plaintiff. The defendant also proved by the testimony of Merrill, that the agreement between the plaintiff and defendant was, that the defendant should pay the note to the witness, and that defendant, at the time he purchased the farm, agreed with the witness to pay the note to him, and had accordingly made payments from time to time, until the whole amount was paid—the last payment being made June 7th, 1828, after the commencement of the action. The amount paid to Merrill on this note exceeded the balance due on the notes in suit. It appeared that one of the notes given by the defendant to the plaintiff for the farm, had been sold to one Bellows, and was still in his hands, and it did not appear that the plaintiff held any notes against the defendant, except the two notes in suit. It also appeared that the plaintiff was poor and destitute of property.

The plaintiff proved that, previous to the commencement of this action, he requested payment of the defendant, and the defendant said he should not pay him any more until he had a settlement; and that, after this action was brought, and there had been one or two continuances of it, the defendant said, he had taken up the note given to Merrill, and was prepared to defend the suit.

The counsel for the plaintiff objected to the several matters given in evidence on the part of the defendant, as aforesaid, and insisted that, as the note given to Merrill had not been paid and taken up by the defendant before the commencement of this action, the evidence was inadmissible under the general issue; but the court overruled the objection, and decided, that, as the note given to Merrill was an incumbrance on the farm purchased by the de-

FRANKLIN,
January,
1832.

Joy
vs.
Hull.

'fendant from the plaintiff,which it was the duty of the defendant to remove, and the plaintiff *had* agreed that if the defendant paid the note, the amount should be applied on the notes given by the defendant to the plaintiff for the farm, the evidence, under the circumstances of the case, was admissible under the general issue in mitigation of damages, although the defendant had not fully paid the note before the commencement of this action, but a *considerable* part of it was paid afterwards.

The jury returned a verdict for the plaintiff for one cent damages; and he having filed exceptions, the cause was brought up to this Court.

After argument, the opinion of the Court was delivered by,

PHELPS, J.—If the authority given to the defendant to make payments to Merrill, is to be regarded as a mere licence, revocable at pleasure, then, it must be admitted, that the bringing the present action was a revocation of that licence, and all subsequent payments made to Merrill must be considered as made without authority and, therefore, voluntary. And if we regard the written memorandum as evidence of a distinct independent contract, it would be difficult to give it any greater effect than a mere revocable licence, for want of a sufficient consideration to support it. But as the memorandum was executed cotemporaneously with the execution of the note, we are disposed, in conformity with the testimony of Merrill, to regard it as part of the original contract for the sale and purchase of the farm, and, therefore, needing no particular consideration, applicable to this part of the contract exclusively, to give it effect; especially as the agreement in question was evidently intended to provide for an incumbrance on the farm, and to secure the purchaser against the supposed inability of the plaintiff to remove it. In this point of view, the agreement must be considered as entering into the consideration of the notes, as part of the terms of the purchase, and equally binding on the parties as any other part of the transaction

The poverty of the plaintiff, as stated in the case, not only furnishes a reason why the stipulation should have been introduced, but affords strong grounds for enforcing it. The defendant had certainly a right to insist upon it for his security; and if so, it follows that the permission to make the payments to Merrill was not revocable at pleasure. We have a precedent for this, in the case *Lewis* vs. *Holley et al.* reported in *Brayton.* In that case, the direction was considered as an inducement to make the

FRANKLIN,
January,
1832.

Joy
vs.
Hull.

principal contract; and there, as well as here, a third person had become interested in the direction; and to revoke, it involves a fraud upon all concerned. Whether the agreement, and the payments made under it, would, if properly pleaded, have been a bar to the action, is a question not involved in the case. It would be difficult, however, giving to the agreement the effect above stated, to distinguish between this case and a case of payment to the plaintiff himself. The evidence of these payments was received by the county court in reduction or mitigation of damages. For this purpose, it was undoubtedly proper. In every action of this nature, the question as to the amount due is decided with reference to the time when judgement is rendered; and payments, made pending the suit, are to be deducted, for the obvious reason, that the judgement is conclusive on this point, and payments not applied would be lost to the party.

The objection that the evidence was not admissible under the general issue, but that a special plea, *puis darrein continuance*, was necessary, might possibly have been well founded, had the evidence been offered in bar of the action; but we are aware of no case where matter, which goes merely in mitigation of damages, is required to be specially pleaded.. From the nature of the case, it could not be; for the supposition that it goes only in mitigation of damages, implies that it is no bar to the action.

Judgement affirmed.

*Hubbell & Stevens*, for plaintiff.
*Hunt & Beardsley*, for defendant.